6. **Attachment 4—Notice of Motion for Civil Action—Docket 288;**

7. **Attachment 5—Application for Hearing Date for Civil Action—Docket 290;**

8. **Attachment 6—Docket Excerpt of Case 9:08-cv-11949-RR covering Civil Action.**

### III. Memorandum with Facts.

#### A. Stipulations.

It is well settled that erroneous Stipulations particularly when it is a negotiated settlement can not enlarge the power or duty of a court; and the Court can't ignore the duty to apply the correct law as mandated by the statutes and constitutions. Chaffin, being a licensed Attorney in California as well as the Attorneys for McBeth, being Michael D. Zeff ("Zeff") of Rosenthal, Withem & Zeff are deemed to know the law.[1] Chaffin had full knowledge that no application had been made in the Bankruptcy Court as did Zeff that no Notice to the Bankruptcy Court had been given; and, both Chaffin and Zeff had full knowledge that no Leave of the Bankruptcy Court has been petitioned for let alone been granted for any Civil Actions in the Superior Court of California when the property is under the jurisdiction of the Bankruptcy. Chaffin was fully aware that there is NO authority for such a Civil Action as an Unlawful Detainer for "debtors-in-possession" as this time for Leslie and his wife; and, Zeff has cited ZERO authority for such a Civil Action without Notice and Leave of the Bankruptcy Court.

Leslie has examined the Complete Docket Sheet in Case 9:08-cv-11949-RR and there is no Notice or Leave of Court for the Civil Unlawful Detainer Action in this Superior Court.

---

[1] *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law.**"; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

Therefore, for this Court is without jurisdiction of both subject matter and personal jurisdiction making all of the Judgments void *ad initio* as a matter of law.

In *Swift & Co. v. Hocking Valley Railway Co.*, 245 U.S. 281, 289 (1917), to wit:

These facts were admitted by the demurrer, upon them the case was heard by the court of common pleas, and upon them the case must be decided in this court, **unaffected by stipulation of counsel** made 'for the purpose only of reviewing the judgment of the common pleas court.' **The construction and effect of a written instrument is a question of law.** *Dillon v. Barnard*, 21 Wall. 430, 437, 22 L. ed. 673, 676. Clearly the track in question was not a private track of the shipper, but a track of the carrier,-like the spur passed upon in *National Ref. Co. v. St. Louis, I. M. & S. R. Co.* 150 C. C. A. 361, 237 Fed. 347, affirming 226 Fed. 357.

If the **stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative;** since the **court cannot be controlled** by agreement of counsel on a subsidiary **question of law.** See cases cited in the margin.2 If the stipulation is to be treated as an attempt to agree 'for the purpose only of reviewing the judgment' below, **that what are the facts shall be assumed not to be facts, a moot or fictitious case is presented.** 'The duty of this court, **as of every judicial tribunal**, is limited to **determining rights of persons or of property**, which are actually controverted in the particular case before it. . . . **No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.** ' *California v. San Pablo & T. R. Co.* 149 U. S. 308, 314, 37 L. ed. 747, 748, 13 Sup. Ct. Rep. 876. See *Mills v. Green*, 159 U. S. 651, 654, 40 L. ed. 293, 294, 16 Sup. Ct. Rep. 132. The fact that effect was given to the stipulation by the appellate courts of Ohio does not conclude this court. See *Tyler v. Judges of Ct. of Registration*, 179 U. S. 405, 410, 45 L. ed. 252, 254, 21 Sup. Ct. Rep. 206. **We treat the stipulation, therefore, as a nullity.**

In *Carter v. Commissioner of Internal Revenue*, 36 B.T.A. 60, 67 (U.S.Bd. Tx.App.1937)

" 'A **stipulation concerning the legal effect of admitted facts is ineffective**, and will be treated **as a nullity**.' *Swift & Co. v. Hocking Valley Railway Co.*, 243 U.S. 281, 289."

In *Mathia v. C.I.R.*, 93 T.C.M. (CCH) 653, to wit:

*2 The **stipulation process** is considered "the bedrock of Tax Court practice" and acts "**as an aid to the more expeditious trial of cases**". *Branerton Corp. v. Commissioner*, 61 T.C. 691, 692, 1974 WL 2703 (1974). **Stipulations eliminate burdensome and unnecessary discovery and result in "an orderly trial with a full and fair exposition of the facts."** *Teller v. Commissioner*, T.C. Memo.1992–402. **Stipulations narrow controversies to their essential issues of dispute,** *Estate of Quirk v. Commissioner*, 928 F.2d 751, 759 (6th Cir.1991), aff'g. in part

and remanding in part T.C. Memo.1988–286, and materially assist a court in managing its caseload, see *Stamos v. Commissioner,* 87 T.C. 1451, 1456, 1986 WL 22068 (1986).

*3 [1] Generally, a stipulation of fact is binding on the parties, and the Court is bound to enforce it. Rule 91; *Stamos v. Commissioner, supra* at 1454. Rule 91(e) provides an exception by permitting relief from the binding effect of a stipulation where justice so requires. Courts generally enforce stipulations unless "manifest injustice" would result. *Bokum v. Commissioner,* 992 F.2d 1132, 1135–1136 (11th Cir.1993), affg. 94 T.C. 126, 1990 WL 17262 (1990); *Bail Bonds by Marvin Nelson, Inc. v. Commissioner,* 820 F.2d 1543, 1547 (9th Cir.1987), affg. T.C. Memo.1986–23; *Clendenen v. Commissioner,* T.C. Memo.2003–32, affd. 345 F.3d 568 (8th Cir.2003).

Given the importance of the stipulation process to this Court, our reluctance to relieve a party of a stipulation it negotiated and executed is understandable. Permitting challenges to otherwise binding stipulations of fact undermines the stipulation process and injects uncertainty into our litigation process, often after the record is closed. See, e.g., *La. Land & Exploration Co. v. Commissioner,* 90 T.C. 630, 649, 1988 WL 29747 (1988); *Logsdon v. Commissioner,* T.C. Memo.1997–8 (relief from stipulation denied where the taxpayer sought to introduce evidence not in the record to support his motion and the Commissioner would be prejudiced by the lack of opportunity to develop the stipulated position at trial); *Grasso v. Commissioner,* T.C. Memo.1994–479 (relief from stipulation denied when taxpayer contended for the first time in his posttrial brief that he mistakenly agreed to the stipulation). Although we have discretion to modify or set aside a stipulation of fact that is clearly contrary to the facts established by the record, *Cal-Maine Foods, Inc. v. Commissioner,* 93 T.C. 181, 195, 1989 WL 87697 (1989), we do not set aside a stipulation of fact that is consistent with the record simply because one party claims the stipulation is erroneous, see Rule 91(e); *Logsdon v. Commissioner, supra.*

[2] [3] Respondent argues that the disputed stipulations contain erroneous legal conclusions and requests that we remove them. Although we are not bound by stipulations of law, see *Bokum v. Commissioner,* 94 T.C. at 143, respondent's argument fails to acknowledge that stipulations of law may bind the parties to the stipulation as a matter of contract law, see *Stamos v. Commissioner, supra* at 1455. In *Estate of Quirk v. Commissioner, supra* at 759, the Court of Appeals for the Sixth Circuit explained that the stipulation process allows the parties to concede both factual and legal issues that they might otherwise have litigated, noting that "In fact, narrowing disputes to the essential disputed issues is the primary function of stipulations." A court is not required to relieve a party from erroneous stipulations of law, particularly when the stipulation is part of a negotiated settlement. See, e.g., *Stanley v. Commissioner,* T.C. Memo.1991–20.

*5 By submitting this case fully stipulated pursuant to Rule 122, the parties waived their respective rights to introduce evidence at trial.

In *Godlewski v. C.I.R.*, 90 T.C. 200, 203 FN5 (Tx.Ct. 1988), to wit:

FN5—Although unclear, it appears from the record that the parties may have agreed that section 1041 would apply in this case. Nonetheless, it is well established that this Court may disregard stipulations of law. E.g., *Mead's Bakery v. Commissioner*, 364 F.2d 101, 106 (5th Cir. 1966), affg. on this point a Memorandum Opinion of this Court; *Estate of Di Marco v. Commissioner*, 87 T.C. 653, 663 n. 10 (1986); Sivils v. Commissioner, 86 T.C. 79, 82 (1986). Therefore, it is within the Court's power to determine the correct law to be applied even if the parties had knowingly agreed to such a stipulation. Cf. *Concord Consumers Housing Cooperative v. Commissioner*, 89 T.C. 125, 126-127 (1987) (Korner, J., concurring).

**B. Conversion.**

McBeth has attempted by "conversion"[2], being Fraud on the Court to portray Leslie and his wife as merely "tenants,", when they are "debtors", *i.e.*, "debtor-in-possession" in the Bankruptcy Court. Leslie is not aware nor can he find in the Bankruptcy Laws, any cases or Rules any condition where a "debtor" or "debtor-in-possession" is converted to being merely a "tenant" by a "trustee" in Bankruptcy Court. McBeth is a Trustee clothed with the duty to run the "business" but that not equate into changing Leslie and his wife to merely "tenants" on their property, not to mention that the property that Leslie and his wife are domiciled upon greatly exceeds the amount being sought by the IRS for Liens.

In the California Code under Title 5, to wit:

§ 1993 - Commercial Property –
(g) "Tenant" includes any lessee or sublessee of any commercial real property and its premises for hire.
(b) "Landlord" means any operator, keeper, lessor, or sublessor of any

---

[2] See *Ross v. Lewis*, 169 P. 468, 469 (Sup.Ct.N.M. 1917), *Cass v. Ocean Park Bath Co.*, 188 P. 616, 617 (Dist.Ct.App.2nd Dist.Div.1 CA 1920) "[D] over the property inconsistent with plaintiff's right thereto. *Steele v. Marsicano*, 102 Cal. 666, 36 Pac. 920; *Daggett v. Gray*, 110 Cal. 169, 42 Pac. 568."

furnished or unfurnished premises for hire, or his or her agent or successor in interest.

(c) "Owner" means any person other than the landlord who has any right, title, or interest in property.

§ 1980 – Disposition of Person Property Remaining on the Premises of Termination of Tenancy as used in the chapter "Hiring" which McBeth is using..

(a) "Landlord" means any operator, keeper, lessor, or sublessor of any furnished or unfurnished premises for hire, or his or her agent or successor in interest.

(f) "Tenant" includes any paying guest, lessee, or sublessee of any premises for hire.

   § 1950.6 –Rental Application

(g) As used in this section, "landlord" means an owner of residential rental property.

Leslie and his wife has never been a "tenant" or, month-to-month tenant or a tenant-at-will concerning this Land (property). The definitions of the "terms" in the Statutes of California are unambiguous and therein the only duty of the Court is to enforce them as written, and they do not include the trustee in a Bankruptcy Case acting as a "landlord" converting a "debtor" or "debtor-in-possession" into a mere "tenant."

**b. Supreme Court of the United States.**

In *Jimenez v. Quarterman*, 555 U.S. 113, 113 (2009) it held **"This Court must enforce plain statutory language according to its terms**. See, *e.g., Larmie V. United States Trustee*, 540 U.S. 526, 534 (2004), *ibid @ 118*, **"It is well established that, when the statutory language is plain, we must enforce it according to its terms.** See, *e.g.. Dodd v. United States*. 545 U.S. 353, 359. 125 (2005); *Lamie. supra*, at 534, 124 S.Ct. 1023; *Hartford Underwriters Ins. Co. v. Union Planters Bank. N. A.*, 530 U.S. 1, 6, (2000); *Caminetti v. United States*. 242 U.S. 470, 485, (1917)."

In *Wyeth v. Levine*, 555 U.S. 555, 600 (2009) "This Court has repeatedly stated that when statutory language is plain,   it   must   be   enforced   according   to   its   terms. See *Jimenez v. Quarterman*. 555 U.S. 113, (2009); see also, *e.g.. Dodd v. United States*. 545 U.S.

Motion to Vacate or Stay        Page 8 of 18

353, 359, (2005); *Lamie v. United States Trustee,* 540 U.S. 526, 534, (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6, (2000).

In *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240, 241 (1989) "Rather, as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute."

In *Howe v. Smith,* 452 U.S. 473, 480 (1981) "As in every case involving the interpretation of a statute, analysis must begin with the language employed by Congress. *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 702, 66 L.Ed.2d 633 (1981); *Reiter v. Sonotone Corp.,* 442 U.S. 330, 337, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979)."

It was held in *Rubin v. United States,* 449 U.S. 424, 430 (1981), to wit:

> When we find the terms of a statute unambiguous, judicial inquiry is complete, except "in 'rare and exceptional circumstances.' " *TVA v. Hill,* 437 U.S. 153, 187, n. 33, 98 S.Ct. 2279, 2298, n. 33, 57 L.Ed.2d 117 (1978) (quoting *Crooks v. Harrelson,* 282 U.S. 55, 60, 51 S.Ct. 49, 50, 75 L.Ed. 156 (1930)). Accord, *Aaron v. SEC,* 446 U.S. 680, 695, 100 S.Ct. 1945, 1955, 64 L.Ed.2d 611 (1980); *Ernst & Ernst v. Hochfelder, supra,* at 214, n. 33, 96 S.Ct., at 1391 n. 33.

See *CSX Transp., Inc. v. Georgia State Bd. Of Equalization,* 552 U.S. 9, 20 (2007); *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254 (1992); *King v. St. Vincent's Hosp.,* 502 U.S. 215, 222 N14 (1991); *Adams Fruit Co., Inc. v. Barrett,* 494 U.S. 638, 643 (1990); *Crandon v. United States,* 494 U.S. 152, 168 (1990); *United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Industry of U.S. & Canada AFL-CIO. et al., v. Local 334, United Ass'n of Journeymen and Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada, et al.,* 452 U.S. 615, 628 (1981); *United States v. Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 11 (2008); *Desert Palace, Inc. v. Costa,* 5239 U.S. 90, 98 (2003); *Demarest v. Manspeaker,* 498 U.S. 184, 190 (1991).

Motion to Vacate or Stay       Page 9 of 18

### b. 9th Circuit.

In *Reeb v. Thomas*, 636 F.3d 1224, 1226, 1227 (9th Cir. 2011), to wit:

In determining whether 18 U.S.C. § 3625 precludes judicial review under the APA of individualized RDAP determinations, we first consider the **plain meaning of the statute's text.** *United States v. Nader*, 542 F.3d 713, 717 (9th Cir.2008) (citing *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir.2006)). **When the words of a statute are unambiguous " 'judicial inquiry is complete.'** " *Conn. Nat'l Bank v. Germain*,503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981)).

There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624.

In *In re Price*, 353 F.3d 1135, 1140, 1141 (9th Cir. 2004), to wit:

In construing a statute, **"we begin with the understanding that Congress 'says in a statute what it means and means in a statute what it says there.'** " *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)). If the statutory language is unambiguous, then our "judicial inquiry is complete." *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981).

## C. Unlawful Detainer Filed Without United States Bankruptcy ORDER

Sandra K. McBeth ("McBeth") has filed an *ultra vires* **Unlawful Detainer Complaint**

**without the a United States Bankruptcy ORDER** was affirmed in *George et al. v. County of*

*San Luis Obispo et at..*, 78 Cal.App.4th 1048, 1051 (Ct.App.2nd Dist. CA. 2000) "State unlawful

detainer law does not apply, and the state must defer to the federal order of the bankruptcy court

directing immediate surrender of the premises." In *George v. City of Morro Bay*, 2004 WL

2580054, *4 (Ct.App.2ndDist.CA 2004 *unreported*), to wit:

State courts must give full faith and credit to final orders and judgments of a federal court, and apply federal law to determine the scope and preclusive effect of federal orders and judgments that arise from federal question jurisdiction. (*Levy v. Cohen*, *supra*, 19 Cal.3d at pp. 172-173; *Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1163.) **Application of the Bankruptcy Code involves federal**

**question jurisdiction.** (*Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1452.)

In *MSR Exploration, Ltd. V. Meridian Oil, Inc.*, 74 F3d 910 (9th Cir. 1996), to wit:

It is true that in many circumstances state courts can, and do, resolve questions of federal law "with no difficulty." *Berg*, 32 F.3d at 426. Nevertheless, the unique, historical, and even constitutional need for uniformity in the administration of the bankruptcy laws is another indication that Congress wished to **leave the regulation of parties before the bankruptcy court in the hands of the federal courts alone.** Of course, Congress did provide a number of remedies designed to preclude the misuse of the bankruptcy process. *See, e.g.*, Fed.Bankr.R. 9011 **(frivolous and harassing filings)**; 11 U.S.C. § 105(a) **(authority to prevent abuse of process)**; 11 U.S.C. § 303(i)(2) **(bad faith filing of involuntary petitions)**; 11 U.S.C. § 362(h) **(willful violation of stays)**; 11 U.S.C. § 707(b) (dismissal for substantial abuse); 11 U.S.C. § 930 **(dismissal under Chapter 9)**; 11 U.S.C. § 1112 **(dismissal under Chapter 11)**. That, too, suggests that Congress has considered the need to deter misuse of the process and has not merely overlooked the creation of additional deterrents. *Cf. Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252-54, 113 S.Ct. 2063, 2067, 124 L.Ed.2d 161 (1993) (enforcement scheme in ERISA indicates Congress did not forget other remedies); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556-57, 95 L.Ed.2d 39 (1987) (ERISA remedies preempt others, even if some possible remedies are left out); *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 418 (9th Cir.1990) (same).

Last, though far from least, we have previously spoken to the need for preemption in this area. In *Gonzales*, the debtors had defaulted on an obligation, and the creditors attempted to foreclose on the debtors' real property. 830 F.2d at 1033. Thereupon, the Gonzaleses filed a Chapter 11 bankruptcy proceeding, which halted the sale. The creditors decided that the filing was an abuse of process, so they sued for that tort in state court and obtained a default judgment. *Id.* at 1033-34. The Gonzaleses then filed an adversary proceeding to obtain relief from the state judgment. The bankruptcy court granted relief, the district court affirmed, and so did we. In affirming, we said:

Implicit in the [creditors'] appeal is the notion that state courts have subject matter jurisdiction to hear a claim that the filing of a bankruptcy petition constitutes an abuse of process. We disagree with that assumption. **Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one.** Such an exercise of authority would be inconsistent with and **subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly**

seek relief in cases Congress has specifically precluded those courts from adjudicating. The ability collaterally to attack bankruptcy petitions in the state courts would also threaten the uniformity of federal bankruptcy law, a uniformity required by the Constitution. U.S. Const. art. I, § 8, cl. 4.

That Congress' grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts is supported by the fact that remedies have been made available in federal courts to creditors who believe that a filing is frivolous. Debtors filing bankruptcy petitions are subject to a requirement of good faith, and violations of that requirement can result in the imposition of sanctions. Congress' *916 authorization of certain sanctions for the filing of frivolous bankruptcy petitions should be read as an implicit rejection of other penalties, including the kind of substantial damage awards that might be available in state court tort suits. Even the mere possibility of being sued in tort in state court could in some instances deter persons from exercising their rights in bankruptcy. In any event, it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized

D. Chaffin.

Chaffin has been non-responsive for weeks upon end, has not returned calls to Leslie, has stated he was threatened to not follow though with the Adverse Complaint evidenced by Attachments 2, 2A, 2B, 3, 4, 5 and 6 and wasn't competent to do the Adverse Complaint. These are very serious Complaints filed by an Attorney Chaffin against Wells Fargo and Sandra McBeth and others; and, then when threatened and determining also that he isn't competent to do the Adverse Complaint has left all of the parties adrift and prejudiced there rights to Due Process of Law, prejudiced their rights as "debtors", i.e., "debtor-in-possession" in the Bankruptcy Court that has jurisdiction of the estate, i.e., property and provided no assistance that the "Stipulation" was his idea knowing full well that there is no

authority for the State of California to issue an Unlawful Detainer to Leslie, his wife and others, especially without the Leave of the Bankruptcy Court.

This action of Unlawful Detainer therein benefits no one identified for the estate in the Bankruptcy Court Case, except to remove alleged Debtors and others from their property when it hasn't even been sold with the Bankruptcy Court having the jurisdiction to determine how possession is to be obtained if the Property is to be actually sold.

Chaffin has been out of business, then moving into another law firm and out of business again with the person at his office not having seen him for days or weeks. This is beyond ineffective assistance of Counsel, wherein Leslie has no recourse but to file into the California complaints against Chaffin unless he is surrendering his Bar License.

### F. Bankruptcy Court.

Leslie will be filing into the Bankruptcy Court on December 12th, 2013 a Motion to Sanction McBeth and the Zeff for proceeding *sua sponte*, without leave of court with this Unlawful Detainer and to the ineffective Assistant of Counsel of Chaffin.

### E. Notice of the December 6th, 2013 Ex parte Hearing.

Leslie did not have in his hand the documents of the Ex parte hearing on December 6th, 2013 until on December 6th, 2013; and further, as Leslie is Pro Se, he was not called as evidenced by **Attachment 1 pages 31-33 that no where was Leslie Called to be aware of the** December 6th meeting.

### F. Motion to Vacate or Stay Until Appeal

As Leslie will be filing in the Bankruptcy Court Notice and Motions for Sanctions on McBeth and Zeff of lack of the Leave of the Bankruptcy Court on December 12th, 2013; and, as McBeth and Zeff have not provided any authority for a Civil Action outside of the Bankruptcy Court especially with Leave of the Bankruptcy Court, therein, Leslies Motions this Court to (1)

Motion to Vacate or Stay       Page 13 of 18

Vacate the Orders for Lack of Jurisdictions; and/or (2) Stay until Leslie can Appeal, which he

definitely will if this Court proceeds forward with this Unlawful Detainer; and/or (3) Stay the

Judgments until the Bankruptcy Court gives Leave for this Civil Action in the State of

California.

Signature,

State of California        )
                           ) ss.
Ventura County             )

### Verified Affidavit of Robert Gwen Leslie

I, Robert Gwen Leslie, do hereby swear (or affirm) that the preceding facts in this Motion

and this Affidavit are true and correct under the penalties of perjury.

1. My true name is "Robert Gwen Leslie."

2. I am of the age of majority and competent to testify to the facts in the Motion, *supra*,

and this Affidavit.

3. I have found no Leave of the Bankruptcy Court for McBeth to file for an Unlawful

Detainer against my wife or me.

4. I have not nor have I ever been an "tenant" upon the property that my wife and I

domiciled upon.

5. The Stipulation is not valid and reject any and all aspects of the Stipulations including

any allusion to my signature.

6. I was mislead by Chaffin as the use of the Stipulation.

7. I have attempted many, many times to contact Chaffin with no results.

8. Chaffin did not follow though with the Adverse Complaint as promised.

9. Chaffin has relayed that he was threatened concerning the Adverse Complaint.

10. Chaffin has relayed that he was not competent to adjudicate the Adverse Complaint.

11. I have found no authority for McBeth to convert my standing in the Bankruptcy from

"Debtor", *i.e.*, "Debtor-in-possession" to a mere "tenant."

12. There is no lease agreement that I have signed to be a "tenant" upon the property that

I am currently domiciled.

Motion to Vacate or Stay        Page 15 of 18

13. I will be refilling the charges of the Adverse Complaint in the Bankruptcy Court.

14. I will be filing additional Motions to Dismiss the Bankruptcy with new evidence obtained recently wherein Leslie has no "taxable year" liability, *i.e.*, "taxable income is computed under Subtitle A" in 26 U.S.C. 7701(a)(23).

15. I will be calling Chaffin and Zeff Law Offices on December 12th, 2013 to alert them of the documents and attachments and the Ex parte Meeting Scheduled on December 13 at 8:15 AM in Room 44.

Signature,


Sworn and subscribed before me a Notary Public in and for the State of California on _____


My Civil Commission expires on

Signature of Notary Public


[SEAL]

Proof of Service

I, Robert Gwen Leslie, have mailed via USPS this Motion and Attachments on _____ _____

_____ prepaid express mail to the First Two parties, *i.e.,* the Law Firms,

to wit:

**Kevin D. Chaffin Esq.**
**Chaffin Law Office**
674 Sq. Dr., Suite 310
Ventura, California 93003
805-650-8200

**Michael D. Zeff, Esq.**
**Rosenthal, Withem & Zeff**
16027 Ventura Blvd., Suite 201
Encino, California 91436
818-789-7711 Phone
818-986-3875 Fax

Stephanie Bertao
3739 Wheeler Canyon Road
Santa Paul, California 93030

Izak Van Der Merwe
3739 Wheeler Canyon Road
Santa Paul, California 93030

Michael O'Donnell
3739 Wheeler Canyon Road
Santa Paul, California 93030

Kathleen O'Donnell
3739 Wheeler Canyon Road
Santa Paul, California 93030

Eric Kelly
3739 Wheeler Canyon Road
Santa Paul, California 93030

Rena Kelly
3739 Wheeler Canyon Road
Santa Paul, California 93030

Jim Wylie

Motion to Vacate or Stay        Page 17 of 18

VERIFICATION

I, have read the foregoing declaration and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are

therein stated on information and belief, and as to those matters, I believe it

to be true.

I declare under penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Dated: _____ _____

Robert Gwen Leslie

# Exhibit E

1  Kevin D. Chaffin, Esq., S.B. No. 193245
   CHAFFIN LAW OFFICE
2  674 County Square Dr. Ste 310
   Ventura, California 93003
3  Phone: (805) 650-8200
   Fax: (805) 715-7003
4
5  Attorney for Robert Gwen Leslie and
   Marilyn Beverly Leslie
6
7
8                  UNITED STATES BANKRUPTCY COURT
                    CENTRAL DISTRICT OF CALIFORNIA
9                        NORTHERN DIVISION

10 In re                          )  Case No.: 9:08-bk-11949-RR
                                  )
11 ROBERT GWEN LESLIE and MARILYN )  Chapter 7
   BEVERLY LESLIE,                )
12                                )  Adv. No.: 9:12-ap-01080-RR
            Debtors.             )
13 _____)  APPLICATION FOR ORDER SETTING
                                  )  HEARING OF MOTION FOR ORDER
14 ROBERT GWEN LESLIE and MARILYN )  GRANTING LEAVE TO FILE CIVIL ACTION
   BEVERLY LESLIE,                )  AGAINST CHAPTER 7 TRUSTEE IN
15                                )  CALIFORNIA SUPERIOR COURT
            Plaintiffs,          )
16                                )
   v.                             )
17                                )
   SANDRA K. MCBETH, as Chapter 7 Trustee of )
18 the Estate of Robert Gwen Leslie and Marilyn )
   Beverly Leslie, ATC REALTY NINE, INC., a   )
19 California Corporation, and WELLS FARGO )
   BANK, N.A.                     )
20                                )
            Defendants.          )
21 _____)
22
23 TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE:
24        Debtors and Adversary Proceeding Plaintiffs Robert Gwen Leslie and Marilyn Beverly Leslie
25 ("Debtors" or "Plaintiffs") respectfully move this Court for an order setting hearing of the Motion for
26 Order Granting Leave to File a Civil Action Against Chapter 7 Trustee SANDRA K. MCBETH in
27 California State Superior Court.
28
                                    Attachment 5 - page 1 of 3

1.      The Motion for Order Granting Leave to File a Civil Action Against Chapter 7 Trustee SANDRA K. MCBETH in California State Superior Court was filed on August 9, 2012.

2.      On August 13, 2012, the Court generated Docket entry #289, a "Notice to Filer of Error and/or Deficient Document" indicating that the motion may not be self-calendared, and requesting moving party to file an application for order setting hearing of motion.

3.      Debtors hereby request an order setting hearing of the motion.

Respectfully submitted,

CHAFFIN LAW OFFICE

DATED: August 17, 2012

Kevin D. Chaffin Esq.
Attorney for Debtor Plaintiffs
Robert Leslie & Marilyn Leslie

2   Attachment 2 of 3

Case 9:08-bk-11949-RR   Doc 290   Filed 08/17/12   Entered 08/17/12 11:52:11   Desc
Main Document       Page 3 of 3

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
674 County Sq. Dr. Ste. 310, Ventura CA 93003

A true and correct copy of the foregoing document described as **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR(s), the foregoing document will be served by the court via NEF and hyperlink to the document. On 8-17-2012 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
brian.fittipaldi@usdoj.gov, agoodman@goodmanfaith.com, msg@lnbrb.com, angela@lnbrb.com,
ihernandez@manatt.com, nathan.c.johnston@irscounsel.treas.gov, jwalker@mcbethlegal.com, CA65@ecfcbis.com,
aely.k.ulrich@irscounsel.treas.gov, ustpregion16.nd.ecf@usdoj.gov, tjv@lnbyb.com

☐ Service information continued on attached page

**II.  SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 8/17/12 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Robin L. Riblet
United States Bankruptcy Court
1415 State St. Room 103, Santa Barbara, CA 93101

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 8/17/12 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
Matthew Urbach Esq. for Wells Fargo Bank N.A. and ATC Realty Nine Inc. - MUrbach@manatt.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/17/12 | Kevin Chaffin | | |
|---|---|---|---|
| Date | Type Name | | Signature |

Attachment 5 - page 3 of 3

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9075-1.1.APPLICATION**

Kevin D. Chaffin, Esq., S.B. No. 193245
CHAFFIN LAW OFFICE
674 County Square Dr. Ste 310
Ventura, California 93003
Phone: (805) 650-8200
Fax: (805) 715-7003

Attorney for Robert Gwen Leslie and
Marilyn Beverly Leslie

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | |
|---|---|
| In re | Case No.: 9:08-bk-11949-RR |
| ROBERT GWEN LESLIE and MARILYN BEVERLY LESLIE, | Chapter 7 |
| Debtors. | Adv. No.: 9:12-ap-01080-RR |
| | MOTION FOR ORDER GRANTING LEAVE TO FILE CIVIL ACTION AGAINST CHAPTER 7 TRUSTEE IN CALIFORNIA SUPERIOR COURT; DECLARATION OF KEVIN D. CHAFFIN ESQ. IN SUPPORT |
| ROBERT GWEN LESLIE and MARILYN BEVERLY LESLIE, | |
| Plaintiffs, | Date:    September 4, 2012 |
| v. | Time:    10:00 a.m. |
| SANDRA K. MCBETH, as Chapter 7 Trustee of the Estate of Robert Gwen Leslie and Marilyn Beverly Leslie, ATC REALTY NINE, INC., a California Corporation, and WELLS FARGO BANK, N.A. | Place:    Ctrm. 201 |
| | 1415 State St. |
| | Santa Barbara, California |
| Defendants. | |

TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE:

Debtors and Adversary Proceeding Plaintiffs Robert Gwen Leslie and Marilyn Beverly Leslie ("Debtors" or "Plaintiffs") respectfully move this Court for an order granting leave to file a civil action against Chapter 7 Trustee SANDRA K. MCBETH in California State Superior Court, as follows:

1.    Robert Gwen Leslie and Marilyn Beverly Leslie are the Debtors in the above-captioned action, Case No.: 9:08-bk-11949-RR, as well as Plaintiffs in the related adversary proceeding filed in this Court on March 27, 2012, Adv. No.: 9:12-ap-01080-RR.

1      Attachment 3 - page 1 of 11

1    2.    The Chapter 7 Trustee is SANDRA K. MCBETH ("Trustee"), party to the above-
2    captioned actions.
3    3.    This bankruptcy case was originally filed on August 12, 2008 by Debtors as a Chapter 11
4    proceeding. On October 27, 2009, the Court entered an order converting the bankruptcy case to one under
5    Chapter 7, Thereafter, SANDRA K. MCBETH was appointed as Chapter 7 trustee.
6    4.    On November 22, 2011, the trustee filed a motion for "authority to continue operating
7    business of debtors for limited period" including a request to enter into a "*Well Site, Water Rights and*
8    *Easement Agreement*." The Court head the trustee's motion on December 14, 2011, and granted the
9    motion over objection from Debtor Plaintiffs. At the time, Debtor Plaintiffs were not represented by
10   counsel. However, the Trustee failed to disclose to the Court the following critical facts: (i) the well site
11   agreement was drafted by Wells Fargo Bank, N.A., not in the best interests of the estate, the Debtor
12   Plaintiffs or creditors; (ii) the November 22, 2011 motion was based on false declarations; (iii) the
13   agreement devalued the estate, devalued the property in question, and granted Wells Fargo Bank, N.A.
14   (aka ATC Realty Nine Inc.) millions of dollars in improvements, equipment, and rights without any
15   compensation to the estate; and (iv) the well site agreement was a much less favorable version of a prior
16   agreement between Debtor Plaintiffs and another entity.
17   5.    Since then, Debtor Plaintiffs have discovered facts to indicate that the Trustee, ATC Realty
18   Nine Inc., Wells Fargo Bank, N.A., and potentially other parties, have engaged in conduct giving rise to
19   meritorious claims on behalf of Debtor Plaintiffs.
20   6.    On March 27, 2012, Debtor Plaintiffs filed a complaint initiating an adversary proceeding,
21   Adv. No.: 9:12-ap-01080-RR. Debtor Plaintiffs granted Defendant extensions of time to respond, and to
22   date no answers have been filed.
23   7.    On July 23, 2012, Debtor Plaintiffs requested a stipulation from the Trustee to litigate the
24   pending claims in Superior Court for the State of California. That request was rejected, prompting the
25   need for this present motion.
26   8.    Debtor Plaintiffs request leave to commence a civil action in the State of California
27   Superior Court for the County of Ventura, where the property is located, and where the ongoing wrongful
28   conduct is occurring. Debtor Plaintiff's claims are most efficiently adjudicated in the State of California

2    Attachment 3 - page 2of 11

Superior Court for the County of Ventura reasons including, but not limited to, the following: (i) the
ongoing wrongful conduct is occurring on land located in Ventura County, California; (ii) the majority of
the witnesses are located in Ventura County, California; (iii) orders relating to the property itself would be
enforced by the Ventura County Sheriff's Department; (iv) the matters set forth in the complaint require
analysis of numerous facts subject to jury trial; (v) the conduct of the Trustee creates a conflict of interest
and an unnecessary complication of the pending Chapter 7 bankruptcy case; (vi) documents wrongfully
recorded by ATC Realty Nine Inc. (aka Wells Fargo Bank, N.A.) were recorded in Ventura County; (vii)
other reasons within the realm of attorney work product doctrine and attorney client privilege, which can
only be revealed to the Court through sealed declaration.

    9.    Debtor Plaintiffs intend to dismiss without prejudice the pending adversary complaint and
re-file a similar complaint with additional and clarified causes of action in State of California Superior
Court for the County of Ventura.

    10.    The parties to the action include at a minimum (i) Chapter 7 Trustee SANDRA K.
MCBETH, (ii) ATC REALTY NINE, INC., (iii) WELLS FARGO BANK, N.A., and (iv) potential other
individuals/entities. None of the parties to the action are parties to this Chapter 7 bankruptcy case except
for Chapter 7 Trustee SANDRA K. MCBETH.

    11.    Debtor Plaintiffs have meritorious claims for money damages and in equity against the
Trustee, ATC Realty Nine, Inc., Wells Fargo Bank, N.A. and potentially other individuals and entities.

DATED: August 9, 2012                    CHAFFIN LAW OFFICE

Kevin D. Chaffin Esq.
Attorney for Debtor Plaintiffs
Robert Leslie & Marilyn Leslie

3    Attachment 3 - page 3 of 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

Robert Gwen Leslie and Marilyn Beverly Leslie are the Debtors in the above-captioned action, Case No.: 9:08-bk-11949-RR, as well as Plaintiffs in the related adversary proceeding filed in this Court on March 27, 2012, Adv. No.: 9:12-ap-01080-RR. The Chapter 7 Trustee is SANDRA K. MCBETH ("Trustee"), party to the above-captioned actions. Other Defendants in the adversary proceeding include ATC Realty Nine, Inc., aka and Wells Fargo Bank, N.A.

This bankruptcy case was originally filed on August 12, 2008 by Debtors as a Chapter 11 proceeding. On October 27, 2009, the Court entered an order converting the bankruptcy case to one under Chapter 7, Thereafter, SANDRA K. MCBETH was appointed as Chapter 7 trustee.

On November 22, 2011, the trustee filed a motion for "authority to continue operating business of debtors for limited period" including a request to enter into a "*Well Site, Water Rights and Easement Agreement.*" The Court head the trustee's motion on December 14, 2011, and granted the motion over objection from Debtor Plaintiffs. At the time, Debtor Plaintiffs were not represented by counsel. However, the Trustee failed to disclose to the Court the following critical facts: (i) the well site agreement was drafted by Wells Fargo Bank, N.A., not in the best interests of the estate, the Debtor Plaintiffs or creditors; (ii) the November 22, 2011 motion was based on false declarations; (iii) the agreement devalued the estate, devalued the property in question, and granted Wells Fargo Bank, N.A. (aka ATC Realty Nine Inc.) millions of dollars in improvements, equipment, and rights without any compensation to the estate; and (iv) the well site agreement was a much less favorable version of a prior agreement between Debtor Plaintiffs and another entity. (See Chaffin Dec., ¶2.) Since then, Debtor Plaintiffs have discovered facts to indicate that the Trustee, ATC Realty Nine Inc., Wells Fargo Bank, N.A., and potentially other parties, have engaged in conduct giving rise to meritorious claims on behalf of Debtor Plaintiffs. (Id.)

On March 27, 2012, Debtor Plaintiffs filed a complaint initiating an adversary proceeding, Adv. No.: 9:12-ap-01080-RR. Debtor Plaintiffs granted Defendant extensions of time to respond, and to date no answers have been filed. On July 23, 2012, Debtor Plaintiffs requested a stipulation from the Trustee to litigate the pending claims in Superior Court for the State of California. (See Chaffin Dec., ¶ 3.) That request was rejected, prompting the need for this present motion. (Id.)

Case 9:08-bk-11949-RR    Doc 287   Filed 08/09/12   Entered 08/09/12 13:24:46   Desc
Main Document     Page 5 of 11

1    Debtor Plaintiffs request leave to commence a civil action in the State of California Superior Court

2    for the County of Ventura, where the property is located, and where the ongoing wrongful conduct is

3    occurring. Debtor Plaintiff's claims are most efficiently adjudicated in the State of California Superior

4    Court for the County of Ventura reasons including, but not limited to, the following: (i) the ongoing

5    wrongful conduct is occurring on land located in Ventura County, California; (ii) the majority of the

6    witnesses are located in Ventura County, California; (iii) orders relating to the property itself would be

7    enforced by the Ventura County Sheriff's Department; (iv) the matters set forth in the complaint require

8    analysis of numerous facts subject to jury trial; (v) the conduct of the Trustee creates a conflict of interest

9    and an unnecessary complication of the pending Chapter 7 bankruptcy case; (vi) documents wrongfully

10   recorded by ATC Realty Nine Inc. (aka Wells Fargo Bank, N.A.) were recorded in Ventura County; (vii)

11   other reasons within the realm of attorney work product doctrine and attorney client privilege, which can

12   only be revealed to the Court through sealed declaration. (See Chaffin Dec., ¶ 4.)

13   Debtor Plaintiffs intend to dismiss without prejudice the pending adversary complaint and re-file a

14   similar complaint with additional and clarified causes of action in State of California Superior Court for

15   the County of Ventura. (Id., ¶ 5.) The parties to the action include at a minimum (i) Chapter 7 Trustee

16   SANDRA K. MCBETH, (ii) ATC REALTY NINE, INC., (iii) WELLS FARGO BANK, N.A., and (iv)

17   potential other individuals/entities. None of the parties to the action are parties to this Chapter 7

18   bankruptcy case except for Chapter 7 Trustee SANDRA K. MCBETH. (Id.) Debtor Plaintiffs have

19   meritorious claims for money damages and in equity against the Trustee, ATC Realty Nine, Inc., Wells

20   Fargo Bank, N.A. and potentially other individuals and entities. (Id.)

21   II.    **CASE LAW REQUIRES DEBTORS TO OBTAIN LEAVE FROM THE COURT
        PRIOR TO COMMENCING AN ACTION AGAINST A CHAPTER 7 TRUSTEE
22      IN A FORUM OTHER THAN BANKRUPTCY COURT**

23   "[A] party must first obtain leave of the bankruptcy court before it initiates an action in another

24   forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the

25   officer's official capacity." In Re Crown Vantage, Inc. (2005) 421 F.3d 963, 970 citing *Muratore v. Darr*,

26   375 F.3d 140, 147 (1st Cir.2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir.2000); *In re Linton*,

27   136 F.3d 544, 546(7th Cir.1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2d

28   Cir.1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993); and

1  *Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 883-85 (9th Cir.BAP1995). Other jurisdictions have

2  held the same. *See, e.g., Lawrence v. Goldberg,* 573 F.3d 1265, 1269 (11th Cir. 2009) (holding that the

3  *Barton* doctrine is applicable to bankruptcy trustees); *In re Crown Vantage, Inc.,* 421 F.3d 963, 970 (9th

4  Cir. 2005) (same); *Muratore v. Darr,* 375 F.3d 140, 143 (1st Cir. 2004) (same); *In re Linton,* 136 F.3d at

5  545-46 (same); *In re Lehal Realty Assocs.,* 101 F.3d 272, 276 (2d Cir. 1996) (same); *In re DeLorean*

6  *Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993) (same); *Anderson v. United States,* 520 F.2d 1027, 1029

7  (5th Cir. 1975) (same).

8        For the reasons set forth above, judicial economy and fairness support the Court's granting of the

9  present motion. There are numerous parties, other than the Trustee, who should be included in the same

10  action since there is a common nucleus of operative facts. Those parties have no other role in the

11  bankruptcy, thus their presence in bankruptcy court is unnecessary. Further, the forum requested is closer

12  to the property at issue, the records and personnel at issue, and is well equipped to handle what may be a

13  protracted and complicated litigation involving numerous percipient and expert witnesses. Further, the

14  jury trial aspects of the case will likely lengthen and complicate matters as well.

15  **III.    CONCLUSION**

16        Plaintiff Debtors respectfully request the Court grant their motion.

17                                              Respectfully Submitted,

18  DATED: August 9, 2012                       CHAFFIN LAW OFFICE.

19

20

21                                              Kevin D. Chaffin Esq.
22                                              Attorney for Debtor Plaintiffs
                                                Robert Leslie & Marilyn Leslie
23

24

25

26

27

28

1   bloodline, and not to future purchasers, meanwhile fully intending to liquidate the property, and thus there

2   is and was no value to the Leslie family or the estate. The agreement benefited Wells Fargo Bank N.A.

3   (aka ATC Realty Nine Inc.) and the Trustee, with no benefit to the estate, the Leslies or creditors. Since

4   then, and since filing the adversary proceeding complaint, the Trustee and ATC Realty Nine Inc aka

5   Wells Fargo Bank N.A. have continued to engage in conduct which is not protected in any manner, and

6   which damages the estate and the Debtor Plaintiffs.

7       3.      On March 27, 2012, Debtor Plaintiffs filed a complaint initiating an adversary proceeding,

8   Adv. No.: 9:12-ap-01080-RR. After filing the complaint in the adversary proceeding, I granted an

9   extension of time to respond to both the Trustee and to ATC/Wells Fargo. I had hoped that they would

10  take the opportunity to voluntarily undo the damage they intentionally caused. This was to no avail. On

11  July 23, 2012, Debtor Plaintiffs requested a stipulation from the Trustee to litigate the pending claims in

12  Superior Court for the State of California. That request was rejected, prompting the need for this present

13  motion.

14      4.      The action against the Trustee, as well as ATC/Wells Fargo will be most efficiently

15  adjudicated in the State of California Superior Court for the County of Ventura reasons including, but not

16  limited to, the following: (i) the ongoing wrongful conduct is occurring on land located in Ventura

17  County, California; (ii) the majority of the witnesses are located in Ventura County, California; (iii)

18  orders relating to the property itself would be enforced by the Ventura County Sheriff's Department; (iv)

19  the matters set forth in the complaint require analysis of numerous facts subject to jury trial; (v) the

20  conduct of the Trustee creates a conflict of interest and an unnecessary complication of the pending

21  Chapter 7 bankruptcy case; (vi) documents wrongfully recorded by ATC Realty Nine Inc. (aka Wells

22  Fargo Bank, N.A.) were recorded in Ventura County; (vii) other reasons within the realm of attorney

23  work product doctrine and attorney client privilege, which can only be revealed to the Court through

24  sealed declaration.

25      5.      Debtor Plaintiffs intend to dismiss without prejudice the pending adversary complaint and

26  re-file a similar complaint with additional and clarified causes of action in State of California Superior

27  Court for the County of Ventura. The parties to the action include at a minimum (i) Chapter 7 Trustee

28  SANDRA K. MCBETH, (ii) ATC REALTY NINE, INC., (iii) WELLS FARGO BANK, N.A., and (iv)

8           Attachment 3 - page 8 of 11

Notice of Motion (with Hearing) - *Page 2*    **F 9013-1.1**

| In re  ROBERT GWEN LESLIE and MARILYN BEVERLY LESLIE | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 9:08-bk-11949-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
674 County Sq. Dr. Ste. 310, Ventura CA 93003

A true and correct copy of the foregoing document described as Motion for ORDER GRANTING LEAVE TO
FILE CIVIL ACTION AGAINST CHAPTER 7 TRUSTEE IN CALIFORNIA    will be served or was served (a) on the judge
in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document.  On 8/9/12    I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 8/9/12    I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
The Honorable Robin L. Riblet
United States Bankruptcy Court
1415 State St. Room #103
Santa Barbara, CA 93101

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 8/9/12    I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.
Matthew Urbach Esq. - for Wells Fargo Bank, N.A. / ATC Realty Nine, Inc. - MUrbach@manatt.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/9/12 | Kevin D. Chaffin Esq. | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Attachment 3 - page 10 of 11  **F 9013-1.1**

January 2009

Case 9:08-bk-11949-RR   Doc 287   Filed 08/09/12   Entered 08/09/12 13:24:46   Desc
Main Document     Page 11 of 11
Notice of Motion (with Hearing) - *Page 3*

**F 9013-1.1**

| In re  ROBERT GWEN LESLIE and MARILYN BEVERLY LESLIE | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 9:08-bk-11949-RR |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Brian D Fittipaldi for U.S. Trustee  United States Trustee (ND) - brian.fittipaldi@usdoj.gov

Andrew A Goodman  agoodman@goodmanfaith.com

Michelle S Grimberg for Defendant SANDRA MCBETH - msg@lnbrb.com , angela@lnbrb.com

Ileana M Hernandez for -Defendant  ATC Realty Nine, Inc.  ihernandez@manatt.com

Nathan C Johnston for -Creditor  IRS - nathan.c.johnston@irscounsel.treas.gov

Sandra  McBeth (TR) -  jwalker@mcbethlegal.com, CA65@ecfcbis.com

Lindsey L Smith for -Trustee Sandra McBeth (TR) - lls@lnbyb.com

Aely K. Ullrich for -Creditor  IRS - aely.k.ullrich@irscounsel.treas.gov

 United States Trustee (ND) - ustpregion16.nd.ecf@usdoj.gov

Timothy J Yoo for -Trustee Sandra McBeth (TR) - tjy@lnbyb.com

Attachment 3 - page 11 of 11

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-1.1**

# PROOF OF SERVICE

**STATE OF CALIFORNIA**                    )
                                           )
**COUNTY OF LOS ANGELES**                  )

     I am a resident of the County of Los Angeles, State of California.  I am over the age of 18 and my address is 1101 Broadway Ave, SUITE 203 Glendale CA 91205

     On November 15, 2014, I served the foregoing documents described as follows:

     MEMORANDUM OF POINTS AND AUTHHORITIES I SUPPORT OF IMMEDIATE STAY

     On the interested parties described below

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P
10250 Constellation Boulevard Suite 1700
Los Angeles CA 90067


HON. PETRER CARROLL
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
1415 STATE STREET SUITE 230, COURTROOM 201
SANTA BARBARA
CAALIFORNIA 93101


IRS
Department of the Treasury
Internal Revenue Service
Fresno, CA 93888-0422


SANDRA McBETH
2236 S Broadway, Santa Maria, CA 93454


(XX)  By Mail:I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully paid at Glendale, California in the ordinary course of business.


(    )  By Facsimile:     In addition to the above service by mail, I caused said document(s) to be transmitted by facsimile on the same day as the aforementioned mailing.

(   )   By Personal Service

I declare under the penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

Executed on October November 15, 2014, at Glendale California.

Angela Bosnoyan

# EXHIBIT '2'

EXHIBIT

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

SANDRA K. MCBETH, CHAPTER 7 TRUSTEE,

                  Plaintiff,

vs.

ROBERT GWEN LESLIE, MARILYN         No. 56-2012-00410681-
BEVERLY LESLIE, BOBETTE PADILLA and     CL-UD-VTA
DOES 1 to 10, inclusive,

                Defendants.


C E R T I F I E D
C O P Y


## DEPOSITION OF SANDRA K. MCBETH

Ventura, California

Wednesday, May 30, 2012


# D O R O T H E A   W.   H A R T L E Y   &   A S S O C I A T E S ,   I N C.

Reported by:    Dorothea W. Hartley      State & National Certified Shorthand Reporters
               5505                 854 East Main Street • Ventura, CA 93001
Certificate No:   20058          805-643-4007 • 1-800-300-4007 • Fax 805-643-4080
File No:                                  dwhassot@aol.com

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

SANDRA K. MCBETH, CHAPTER 7 TRUSTEE,)

                Plaintiff,               )

vs.                           )No. 56-2012-00410681-

ROBERT GWEN LESLIE, MARILYN      )      CL-UD-VTA

BEVERLY LESLIE, BOBETTE PADILLA and )

DOES 1 to 10, inclusive,          )

                Defendants.             )

_____)

Deposition of SANDRA K. MCBETH,

taken on behalf of the Defendants,

at 674 County Square Drive, Suite 310,

Ventura, California 93003,

commencing at 10:06 a.m. and concluding

at 11:10 a.m., on Wednesday, May 30, 2012,

before DOROTHEA W. HARTLEY, RPR, CSR #5505,

in and for the State of California,

pursuant to Notice.

Page 1

DOROTHEA W. HARTLEY AND ASSOCIATES, INC.     805-643-4007

```
 1    APPEARANCES:

 2

 3              FOR THE PLAINTIFF:

 4

 5                   ROSENTHAL, WITHEM & ZEFF

 6                   BY:  MICHAEL L. WITHEM

 7                   Attorney at Law

 8                   16027 Ventura Boulevard

 9                   Suite 201

10                   Encino, California 91436

11

12

13              FOR THE DEFENDANTS:

14

15                   LAW OFFICES OF KEVIN D. CHAFFIN

16                   BY:  KEVIN D. CHAFFIN

17                   Attorney at Law

18                   674 County Square Drive

19                   Suite 310

20                   Ventura, California 93003

21

22              ALSO PRESENT:

23

24                   BOBETTE PADILLA

25
```

Page 2

```
1                        I N D E X

2    W I T N E S S:

3    SANDRA K. MCBETH

4

5              EXAMINATION BY:              PAGE

6              Mr. Chaffin                   5

7

8              FURTHER EXAMINATION BY:

9              (None)

10

11

12   INFORMATION TO BE INSERTED:

13             (None)

14

15

16   EXHIBITS TO BE INSERTED:

17                             FOR             FIRST

18   DEFENDANTS'              IDENTIFICATION   REFERENCED

19   1 - Notice of Deposition        5           5

20

21   2 - Notice of Appointment

22        of Trustee                 24          24

23

24   3 - First Amended Complaint -

25        Unlawful Detainer          24          24

                                               Page 3
```

```
 1                   I N D E X   (Continued)

 2

 3    4 - Declaration of

 4        Sandra K. McBeth              32              32

 5

 6    5 - Declaration of

 7        Fritz Kling                   34              34

 8

 9    6 - Well Site, Water Rights

10        and Easement Agreement        34              34

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 4

DOROTHEA W. HARTLEY AND ASSOCIATES, INC.      805-643-4007

```
 1              WEDNESDAY, MAY 30, 2012; 10:06 A.M.

 2                   VENTURA, CALIFORNIA

 3

 4

 5                   SANDRA K. MCBETH,

 6              having been first duly sworn,

 7          was examined and testified as follows:

 8

 9

10                      EXAMINATION

11

12   BY MR. CHAFFIN:

13       Q    Good morning, Ms. McBeth.

14       A    Good morning.

15       Q    Could you please state and spell your name for

16   the record.

17       A    Sandra, middle initial K., McBeth,

18   M-c, capital B-e-t-h.

19            MR. CHAFFIN:  I have a copy of the Deposition

20   Notice which I want to attach as Exhibit 1.

21            (Whereupon Defendants' Exhibit Number 1

22            was marked for identification by the

23            Court Reporter.)

24       Q    BY MR. CHAFFIN:  Do you have a copy with you?

25       A    I do.
```

Page 5

1          MR. CHAFFIN:  Okay.  And we'll note for the

2     record that this was served on counsel for Ms. McBeth as

3     well as Mr. Leslie, who now represents himself in pro per.

4          The deposition date was changed at the request of

5     plaintiff's counsel and I did notify Mr. Leslie about the

6     change in date.  I also did leave him a voice mail

7     message.  I have no indication one way or another if he's

8     coming, but he was notified.

9          And my client, Bobette Leslie, should be here at

10    some point and she'll probably walk in.

11         Q   BY MR. CHAFFIN:  Ms. McBeth, have you ever given

12    a deposition before?

13         A   I have never been a witness in a deposition.  I

14    have taken several.

15         Q   Okay.  Have you taken enough that I can waive the

16    admonitions?

17         A   Yes.

18         Q   Okay.  If you could look at your copy of the

19    Deposition Notice, please.

20         MR. CHAFFIN:  This will be Exhibit 1.

21         Q   BY MR. CHAFFIN:  It requested some documents.

22    And I wanted to know if you had brought any documents with

23    you that are responsive to the requests.  I believe the

24    Deposition Notice had six categories of documents.

25         Did you review the categories?

Page 6

```
 1       A    I did.

 2       Q    And do you have any documents that you're

 3   producing today in response?

 4       A    The only documents I have in response are the --

 5   these are actually responsive to question Number 4, which

 6   are the Notice of Appointment of Trustee, and the Interim

 7   Trustee Appointment, filed with the Bankruptcy Court,

 8   Court Case Number 9:08-BK-11949 filed December 3rd and

 9   December 7th, 2009 --

10       Q    Okay.

11       A    -- which are my appointment documents as a

12   Chapter 7 trustee in the Robert/Marilyn Leslie case.

13       Q    Okay.  And these are -- they're stamped from the

14   bankruptcy file?

15       A    Yes, they are.

16       Q    Okay.  So I don't need those.

17       A    Okay.

18       Q    Thank you.

19            On the categories of --

20            MR. CHAFFIN:  Let's go off for one minute.

21            (Brief interruption in the proceedings.)

22            (Discussion held off the record.)

23            MR. CHAFFIN:  Can we go back on?

24            MR. WITHEM:  Yes.

25            MR. CHAFFIN:  For the record, Bobette Leslie has
```

Page 7

1    now joined us and is present.

2        Q    BY MR. CHAFFIN:  Ms. McBeth, I wanted to just ask

3    you a couple questions on the categories basically to

4    verify that you looked for something and just couldn't

5    find it or if it's not available, et cetera.

6        A    Okay.

7        Q    On Category No. 1, it asked for any documents

8    regarding communications between you and residents of the

9    property, and specifically nothing filed in the bankruptcy

10   case because that's public record.

11           I just wanted to know if you had sent any faxes

12   or e-mails or letters to anyone who lived on the property

13   or gotten any directly from them?

14       A    I have received communication from the debtors

15   because they were for quite some time unrepresented in

16   their bankruptcy case.  I have sent the debtors a couple

17   of pieces of correspondence early on in the case.  But

18   other than that, I don't believe there are -- there are

19   some e-mails, but very few directly between myself and the

20   debtors.

21       Q    Okay.  Now, it sounds to me like those may be

22   things that are not part of the bankruptcy court public

23   record?

24       A    I don't believe so unless they were filed as

25   exhibits to certain motions and pleadings I filed

Page 8

1    throughout the case.

2        Q   Okay.  And you did not bring that stuff today?

3        A   I did not.

4        Q   Okay.

5        A   This case has been going on for, since I've been

6    involved, for two-and-a-half years, and I don't have at my

7    fingertips those particular documents.  I do recall some

8    one or two specific letters.  I don't recall the number of

9    e-mails or have them at my fingertips.

10       Q   Just generally, do you recall the substance of

11   what those communications were about?

12        MR. WITHEM:  Objection.  The question is overly

13   broad.

14        Counsel, I may sometimes make objections like

15   that just for you to carry on unless I say otherwise.

16        THE WITNESS:  I do recall a specific piece of

17   correspondence relating to an insurance claim for some

18   repairs to the pool area of the property early on in the

19   case.  And I believe I received an e-mail from Mr. Leslie

20   within the last few weeks with regard to his

21   representation in this particular action.

22        MR. CHAFFIN:  Okay.

23        THE WITNESS:  Those are the two that I remember

24   offhand.

25       Q   BY MR. CHAFFIN:  Okay.  Category 2 asked for any

1    documents that have supported the fair market value of

2    $300 per day that is alleged in the First Amended

3    Complaint.

4           Did you have any documents that --

5       A    I could not find any documents responsive to

6    Number 2.

7       Q    Okay.  Okay.  So you are the Chapter 7 trustee in

8    the pending bankruptcy case where Robert and Marilyn

9    Leslie are the debtors, correct?

10      A    Yes.

11      Q    Okay.  And as the Chapter 7 trustee, what is your

12   understanding as to the authority you have regarding the

13   property that's specifically at issue in this unlawful

14   detainer?

15      A    We -- what we refer to as the "Wheeler Canyon

16   Ranch," the Wheeler Canyon property is property of the

17   bankruptcy estate under Bankruptcy Code Section 541.  My

18   job as Chapter 7 trustee is to administer all assets for

19   the benefit of creditors.

20      Q    And it's your understanding that gives you

21   authority to file the present case?

22      A    Yes.

23      Q    Okay.  And other than what you have just

24   described, can you describe what your obligation is as the

25   trustee of this property?  And when I say "this property,"

Page 10

DOROTHEA W. HARTLEY AND ASSOCIATES, INC.    805-643-4007

1    I mean just the one that's at issue in this case, not the

2    larger estate.

3        A    Well, my duties include the -- taking control and

4    possession of the property and liquidating the property

5    for the benefit of creditors.

6        Q    Are you aware of any specific order that has been

7    issued by the Bankruptcy Court that would specifically

8    authorize you to file this Unlawful Detainer?

9        MR. WITHEM:  Objection.  Asked and answered.

10        MR. CHAFFIN:  You can answer.

11        MR. WITHEM:  You mean besides her original order

12    of appointment that she's already testified to and with

13    that reference to that statute that authorizes what she's

14    doing?

15        MR. CHAFFIN:  No.

16        THE WITNESS:  I also have an --

17        MR. CHAFFIN:  No.

18        THE WITNESS:  -- order from the Bankruptcy

19    Court --

20        Q    BY MR. CHAFFIN:  No.  I'm sorry.  Hold on one

21    second.  When he interrupts like that and he asks me a

22    question, I just want to make sure I have a clear record.

23        No.  I'm not asking about those.  I understand

24    those were produced.  What I was asking is:  Is there a

25    specific order that has been signed by the judge that

Page 11

1    relates to filing this Unlawful Detainer action?

2        A    There is an order authorizing me to, quote,

3    unquote, "Operate the business of the debtors" which

4    includes collecting any rents, if property is being

5    rented, which includes paying property taxes, paying

6    insurance, paying for repairs for the general operation of

7    the real estate, which is property of the estate.

8        Q    Okay.  Has the bankruptcy stay been lifted as to

9    Robert or Marilyn Leslie?

10            MR. WITHEM:  Objection.  The question is

11   incomplete.  It's ambiguous.

12            THE WITNESS:  I don't understand your question.

13       Q    BY MR. CHAFFIN:  Well, for example, earlier in

14   this case, I believe your counsel, Mr. --

15            MR. WITHEM:  Zeff.

16       Q    BY MR. CHAFFIN: -- Mr. Zeff had filed something

17   with the Court saying that there was a stay in effect as

18   to one of the various residents on the property because

19   that person had filed a bankruptcy case.  And so there is

20   a stay as to them?

21       A    Yes.

22       Q    Okay.  So what I'm asking you is:  Similarly,

23   like when the Leslies filed for bankruptcy, automatic stay

24   goes into effect.  And I wanted to know has that stay been

25   lifted?

                                                    Page 12

1      A    By me?

2      Q    No --

3           MR. WITHEM:  Wait a minute.

4           THE WITNESS:  Sorry.

5           MR. WITHEM:  Same objection I made before that

6      the question's ambiguous.  And to some extent it's been

7      asked and answered.

8           Can we go off the record for a second?  Do you

9      mind, Counsel?

10          MR. CHAFFIN:  Go ahead.  Sure.

11          (Discussion held off the record.)

12          MR. CHAFFIN:  We can go back on.

13          THE WITNESS:  Your questions are asking -- off

14     the record -- your questions are asking for legal analysis

15     and legal conclusions.  And, you know, that's not really

16     why I'm being deposed.  I'm -- I'm the plaintiff in the

17     case, so that's where I'm having trouble responding to

18     your question.

19          MR. CHAFFIN:  Right.  So I really was asking just

20     the basic simple question.

21          Do you know whether or not the stay was lifted as

22     to the debtors?  Because it's a huge docket and some stuff

23     I don't see on there, but it doesn't mean it doesn't

24     exist.

25          THE WITNESS:  I --

Page 13

1        MR. WITHEM: Wait, wait, wait.  I want to again

2  object to the use of the term "stay" is ambiguous.  It's

3  an incomplete question and it to some extent has been

4  asked and answered with regard to this estate and this

5  witness or this plaintiff.

6        MR. CHAFFIN:  Okay.

7        MR. WITHEM:  Go ahead.

8        MR. CHAFFIN:  You can answer, if you can.

9    Q    BY MR. CHAFFIN:  By the Court?

10   A    Well, a stay is lifted when a party moves to lift

11  that stay.  I have not moved to lift the stay because I'm

12  not required to.

13   Q    Okay.  Understood.  Do you know whether or not

14  discharge has been entered in the Chapter 7 case?

15   A    I don't believe so.  But that doesn't come from

16  me.  That comes from the clerk's office.

17   Q    Understood.  Okay.  So in this Unlawful Detainer

18  action, I know that you have named Robert Leslie,

19  Marilyn Leslie and Bobette Padilla, or Bobette Leslie, and

20  Does 1 to 10.  But what I'm trying to figure out is who

21  specifically are you seeking to evict from the property

22  other than those three named persons?

23   A    All tenants.

24   Q    Okay.  So you are seeking to evict not only the

25  debtors and Bobette, but also Bobette's children?

Page 14

1          A    All tenants of the property.  All people residing

2     on the property.

3          Q    Okay.  All residents of the property.

4               MR. WITHEM:  Occupants might be a --

5               THE WITNESS:  Yes.

6               MR. WITHEM:  -- better term.

7               THE WITNESS:  Occupants might be a better term.

8               MR. CHAFFIN:  Okay.

9               MR. WITHEM:  If you give me a list.

10          Q    BY MR. CHAFFIN:  I'm going to go through a list

11     and ask simply whether or not you are seeking to evict

12     these people.

13          A    Okay.  With the caveat that my testimony is all

14     tenants, occupants, residents, however you want to define

15     them, anyone who is occupying the property as a principal

16     place of residence or otherwise.

17          Q    Okay.  So that includes, as we said,

18     Mr. and Mrs. Leslie and Bobette Leslie.  It also includes

19     Bobette's children?

20          A    I would presume so, yes.

21          Q    Do you know how many children she has that live

22     there?

23          A    No.

24          Q    Okay.  And would that also include the Leslies'

25     great-grandchildren?

1      A    Yes.

2      Q    Okay.  And are you also seeking to evict the

3  ranch hands and ranch workers who live on the property?

4      A    Yes.

5      Q    Do you know who they are?

6      A    I have some knowledge of at least one of them

7  because of the other bankruptcy filing that I was made

8  aware of.  I couldn't tell you their names right now, but

9  it -- that would be the only ranch hand that I have any

10  knowledge of.

11      Q    Okay.

12      A    I believe his wife filed Chapter 7.

13      Q    Okay.  But to the extent there are other ranch

14  hands who work on the property and you don't know them,

15  you still are seeking to evict them?

16      A    Yes.

17      Q    Okay.  And what about tenants who board animals

18  at the property, but don't live there?

19      A    Yes.

20      Q    Okay.  Are you aware of what type of animals are

21  on the property?

22      A    I understand there are horses boarded there.

23      Q    And cattle?  Are you aware of whether or not

24  there's cattle there?

25      A    Personally, I have not seen cattle.  I have not

Page 16

1    seen the property.   I don't have any personal knowledge of

2    whether or not there is cattle or the number of cattle if

3    there is cattle.

4         Q    Okay.   And do you know how many horses are on the

5    property altogether?

6         A    I do not.

7         Q    Do you know how many horses Bobette Leslie owns

8    versus how many horses are boarded there?

9         A    I do not.

10        Q    Okay.   Do you know how many different sub-tenants

11   there are who board livestock on the property?

12        A    I do not.

13        Q    Okay.   Why are you bringing the current Unlawful

14   Detainer action?

15        A    In order to obtain possession and control of the

16   property to market -- list, market, and sell the property

17   for the benefit of the creditors of the estate.

18        Q    Have you formed an opinion as to whether or not

19   evicting the people you seek to evict in this case will

20   increase the value of the property?

21        MR. WITHEM:   Objection.   The question is overly

22   broad, incomplete hypothetical, calls for speculation, and

23   it lacks foundation.

24        MR. CHAFFIN:   You can answer.

25        MR. WITHEM:   If you can.

**Page 17**

```
 1              THE WITNESS:  I don't know.

 2       Q    BY MR. CHAFFIN:  Okay.  If you were provided with

 3   a professional real estate opinion indicating that the

 4   value of the property is actually increased to the extent

 5   that it's currently being operated as a ranch and boarding

 6   facility, would that change your mind about whether or not

 7   you want to proceed with the eviction?

 8              MR. WITHEM:  Objection.  The question again lacks

 9   foundation.  It's an improper hypothetical and calls for

10   speculation.

11              THE WITNESS:  I can't answer that.

12       Q    BY MR. CHAFFIN:  Well, do you agree that one of

13   your obligations as trustee is to try to maximize the

14   assets in the estate that you're administering?

15       A    Absolutely.

16       Q    Okay.  And so my question is -- ultimately, my

17   question is:  Do you believe evicting everyone will

18   increase the value of the property?

19       A    I don't know that at this point.  Up until

20   recently we've not had access to the property.  We've not

21   been provided any information with regard to what is going

22   on at the property.  When your client got involved, we

23   have been granted access.  We now have our brokers looking

24   at the property.  I now have insurance people able to look

25   at the property so we're moving in that direction.  But at
```

Page 18

DOROTHEA W. HARTLEY AND ASSOCIATES, INC.     805-643-4007