UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
|---|---|---|---|
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:      (IN CHAMBERS) ORDER RE BANKRUPTCY APPEAL      JS-6

**I.   Introduction**

On January 9, 2015, self-represented litigants Robert Gwen Leslie and Marilyn Beverly Leslie ("Appellants"), filed a First Amended Complaint ("FAC"), in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). The FAC names as defendants Sandra K. McBeth ("McBeth"), Wells Fargo Bank, N.A. ("Wells Fargo") (together "Defendants"), George Torres ("Torres")[1] and Does 1 through 100. The claims advanced in the FAC arise out of certain ongoing disputes between Appellants and Defendants regarding the management of Appellants' bankruptcy estate.

McBeth, who was appointed as the Chapter 7 Bankruptcy Trustee in Appellants' bankruptcy proceedings, entered into a "Well Site, Water Rights and Easement Agreement" (the "Agreement") with Wells Fargo on behalf of Appellants' bankruptcy estate. The FAC seeks to invalidate the Agreement. It alleges that the entry of the Agreement violated certain rights and duties owed to Appellants. On similar grounds, the FAC also challenges the sale by McBeth to Torres of real property owned by Appellants.

In a written order, the Bankruptcy Court granted Defendants' Motions to Dismiss the FAC on several grounds that were discussed during the hearing on the matter. They included res judicata/collateral estoppel, mootness, quasi-judicial immunity and failure to state a claim. The Bankruptcy Court also determined that, because none of these deficiencies could be cured by an amendment, the FAC was dismissed with prejudice.

On March 20, 2015, Appellants appealed the Bankruptcy Court's order. Dkt. 1. Subsequently, the matter was taken under submission in this appellate proceeding. Dkt. 16. For the reasons stated in this Order, the ruling by the Bankruptcy Court is **AFFIRMED**.

---

[1] The FAC does not expressly assert any claims against Torres, but mentions him in the requests for declaratory and injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
|---|---|---|---|
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

### II. Factual and Procedural Background

#### A. Appellants' Bankruptcy

On July 8, 1998, Appellants first filed a voluntary petition under Chapter 11 of the Bankruptcy Act, 11 U.S.C. §§ 1101 *et seq.* Dkt. 26 at 10. Appellants prepared a plan of reorganization, which they filed on January 24, 2001. *Id.* at 11. Appellants acknowledged a debt of approximately $4,100,000 to their primary creditor, the Internal Revenue Service ("IRS"). Under the plan, they agreed to pay this amount in full by December 31, 2002. *Id.* Appellants did not fulfill this or other obligations that they had assumed pursuant to the plan. *Id.*

Appellants filed a second voluntary petition under Chapter 11 on August 13, 2008. *Id.* On October 27, 2009, the Bankruptcy Court converted Appellants' Chapter 11 proceeding to one under Chapter 7 of the Bankruptcy Act, 11 U.S.C. §§ 701 *et seq.*, which was designated as Case No. 9:08-bk-11949-RR ("Bankruptcy Proceeding"). *Id.* McBeth was then appointed by the Office of the United States Trustee to serve as the Chapter 7 Trustee of the bankruptcy estate. *Id.* As Trustee, McBeth liquidated more than $7 Million of estate assets and disbursed $1.5 Million of estate funds to the Office of the United States Trustee and the IRS. *Id.* at 11-12.

#### B. Litigation History

On November 22, 2011, McBeth filed a "Motion for Authority to Continue Operating Business of Debtors for Limited Period," pursuant to 11 U.S.C. § 721 in the Bankruptcy Proceeding. McBeth Excerpts of Record Volume I ("MER1"), Dkt. 27 at 167. As part of that motion, McBeth sought to enter into an agreement ("Agreement") with ATC Realty Nine, Inc. ("ATC"). McBeth claimed the Agreement would serve to preserve the value of one of Appellants' real estate holdings (the "Property") by providing it with "much needed water on a permanent basis in exchange for providing an easement to the adjacent property owners." *Id.* at 168, 179. ATC owned the parcel adjacent to the Property; Wells Fargo held a first priority trust deed on this parcel. Dkt. 21 at 6-7.

On December 5, 2011, Appellants filed an opposition to the motion. MER1, Dkt. 27 at 203. It presented arguments that focused on McBeth's purported lack of qualifications to serve as trustee. *Id.* On the same day, Appellants filed in the Bankruptcy Proceeding a "Motion to Suspend McBeth Immediately; and, to Terminate McBeth Immediately." *Id.* at 324. On December 14, 2011, the Bankruptcy Court conducted a hearing on McBeth's motion. *Id.* at 355. On December 19, 2011, it issued an order granting the motion ("Agreement Order"), thereby authorizing her to enter into the Agreement. *Id.* Appellants did not seek reconsideration of, and did not appeal from, the Agreement Order. Consequently, it became final. MER2, Dkt. 28 at 135.

On March 27, 2012, Appellants filed an adversary complaint, Adv. No. 9:12-ap-01080-RR, arising out of the Bankruptcy Proceedings in which they named McBeth, ATC Realty Nine, Inc. and Wells Fargo as defendants. MER1, Dkt. 27 at 371. The claims advanced there included breach of fiduciary duty and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
|---|---|---|---|
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

waste. *Id.* Appellants sought, *inter alia*, injunctive and declaratory relief and rescission as to the Agreement, and to have it declared invalid. *Id.* at 371, 376. The Bankruptcy Court ordered Appellants to file an amended complaint by October 10, 2012. Dkt. 21 at 7. Instead, Appellants voluntarily dismissed the action on October 11, 2012. Wells Fargo Excerpts of Record Volume II ("WFER2"), Dkt. 23 at 21.

On October 3, 2014, McBeth filed a motion in the Bankruptcy Proceeding for leave to sell the Property. MER2, Dkt. 28 at 136. Appellants filed an opposition to this motion, but did not appear at the November 4, 2014 hearing when it was heard. *Id.* at 51, 136. On November 5, 2014, the Bankruptcy Court entered an order granting the motion ("Sale Order"), thereby approving the sale of the Property to Torres for $3,510,000. *Id.* at 55. Appellants did not appeal the Sale Order. The sale closed on November 18, 2014. *Id.* at 84.

   C.   **The Underlying Proceedings**

The present appeal arises from the second adversary proceeding instituted by Appellants, after they voluntarily dismissed the first one. On November 17, 2014, Appellants filed a second adversary complaint, Adv. No. 9:14-ap-01152-PC, in which they named McBeth, Wells Fargo and Torres, and alleged four cases of action. *Id.* at 69. Once again, this complaint sought relief in the form of an order that would invalidate both the Agreement and the sale of the Property to Torres. *Id.* Wells Fargo filed a motion to dismiss the complaint. Dkt. 21 at 8. A hearing on this motion was scheduled for January 15, 2015. *Id.* Appellants did not oppose the motion, but instead on January 9, 2015, filed a First Amended Complaint ("FAC") in the same adversary proceeding. MER2, Dkt. 28 at 89. That FAC is the subject of the present appeal.

The FAC asserts five causes of action: (i) Declaratory Relief; (ii) Injunction; (iii) Violation of Business and Professions Code §§ 17200 *et seq.*; (iv) Breach of Fiduciary Duty; and (v) Waste. *Id.* The FAC again seeks to invalidate the Agreement and all subsequent, related actions taken by the Trustee, including the sale of the Property to Torres.

The FAC is not a model of clarity. However, its core allegations are that McBeth failed to present to the Bankruptcy Court critical facts relevant to its determination of the motion to grant leave to enter the Agreement. It then alleges that, had McBeth provided those facts, the Bankruptcy Court would not have granted the motion. *Id.* at 91. The following are among the specific facts allegedly omitted: (i) Wells Fargo drafted the Agreement; (ii) the Agreement did not provide any benefit to the Appellants' estate, it received nothing through the Agreement, which devalued the Property; (iii) the Agreement was not negotiated at arm's length; and (iv) the owner of the contiguous real property that benefited from the Agreement had already drilled water wells, but abandoned that project, so by operation of law the wells and drilling equipment had become property of Appellants' estate. *Id.* at 91-92.

The FAC also alleges that, because the Agreement should be declared void, the sale of the Property should be invalidated because the sales price was for an amount less than the fair market value of the Property. *Id.* at 95. Finally, the FAC alleges that McBeth breached her fiduciary duty to Appellants and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
|---|---|---|---|
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

committed waste due to her gross mismanagement of the bankruptcy estate through the Agreement, the Property sale and other actions. *Id.* at 96-97.

McBeth and Wells Fargo each filed a separate motion to dismiss the FAC. WFER1, Dkt. 22 at 48, 82. Each argued that the FAC should be dismissed for the following reasons: (i) it was barred by res judicata and collateral estoppel; (ii) it was an improper collateral attack on the Bankruptcy Court's previous Agreement Order and Sale Order; (iii) it failed to state a claim against the Defendants; (iv) the claims were moot; and (v) Appellants lacked standing.

Appellants opposed both motions on February 13, 2015, and each moving party replied. WFER4, Dkt. 25 at 3, 25, 47, 52. On March 5, 2015, the Bankruptcy Court held a hearing on the motions. MER2, Dkt. 28 at 132. At the hearing, the Bankruptcy Court stated its intention to dismiss the FAC without leave to amend on the following grounds: (i) Appellants lacked standing; (ii) the claims are barred by either res judicata or collateral estoppel; (iii) the relief sought with respect to the sale of the Property was moot; (iv) McBeth enjoys quasi-judicial immunity; and (v) Appellants' failed to state a claim for waste as a matter of law. *Id.* at 134-40. The Bankruptcy Court determined that none of the identified deficiencies could be cured by an amendment. *Id.* at 140. On March 10, 2015, the Bankruptcy Court entered a final order, granting the motions to dismiss the FAC, with prejudice. WFER4, Dkt. 25 at 90-93.

### III.    Analysis

#### A.    Legal Standard

##### 1.    Appellate Review of Bankruptcy Court Orders

In an appeal from an order of a bankruptcy court, conclusions of law are reviewed de novo and findings of fact are reviewed for clear error. *Blausey v. United States Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009) (citing *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005)). The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008) (quotations omitted). A district court may affirm on any ground supported by the record. *Thrifty Oil Co. v. Bank of Am., Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003); *In re DeMasi*, 227 B.R. 586, 587 (D.R.I. 1998) ("[T]his Court is not bound to remain within the confines of the Bankruptcy Court's reasoning for its decision, but is free to affirm the decision below on any ground supported by the record.").

##### 2.    Res Judicata

Because the application of the doctrine of res judicata in this case is primarily a legal issue, the order of the Bankruptcy Court dismissing the FAC is reviewed de novo. *In re Wolfberg*, 255 B.R. 879, 881 (9th Cir. BAP 2000). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "The doctrine is applicable whenever there is (1) an identity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
|---|---|---|---|
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (quotations omitted). To determine whether a particular new dispute concerns the same claims as those addressed in prior litigation, the Ninth Circuit considers the following factors:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)) (alteration in original). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

    **B.**    **Application**

        1.    <u>The Bankruptcy Court's Findings</u>

The Bankruptcy Court held that the claims alleged in the FAC are barred by either res judicata or collateral estoppel. MER2, Dkt. 28 at 137. In support of this finding it determined that each of Appellants' claims "essentially challenge the Trustee's authority to enter into the well and easement agreement, and the subsequent sale of the property." *Id.* The merits of those claims were "actually litigated and determined in the prior proceedings" because both actions were taken by McBeth "upon motion, after notice and a hearing, in accordance with the Bankruptcy Code and Rules, and both actions were taken after the Trustee was authorized by court order, to which no appeal was taken." *Id.* at 137-38. The Bankruptcy Court then determined that, because Appellants' objections to McBeth's actions had been actually litigated previously, they were barred from relitigation through the FAC. *Id.* at 138.

        2.    <u>Appellants' Claims Are Precluded by Res Judicata</u>

Res judicata plainly applies here and precludes the relitigation of the claims presented in the FAC. Thus, a substantial portion of the claims made in the FAC, as well as their alleged factual bases, were previously adjudicated by the Bankruptcy Court in proceedings that resulted in the issuance of final orders. To the extent that the FAC could be viewed as presenting any new arguments, they come too late. Thus, all issues raised "arise out of the same transactional nucleus of facts," and are barred by this doctrine. *Headwaters Inc.*, 399 F.3d at 1052. The following discussion presents additional details as to these issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

a) The Bankruptcy Court's Agreement Order and Sale Order Were Final

28 U.S.C. § 158(a) and (b)(1) grant jurisdiction to the district courts and bankruptcy appellate panels to hear appeals from "final judgments, orders, and decrees." Section 158(c)(2) provides that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Fed. R. Bank. P. 8002(a)(1) provides that, "[e]xcept as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(d) provides that a bankruptcy court may extend the time to file a notice of appeal under certain circumstances. However, it may not do so where the judgment or order "authorizes the sale or lease of property . . . under § 363 of the Code." Fed. R. Bank. P. 8002(d)(2)(B). Generally, the time limits provided for in this Rule are strictly enforced. *In re Nucorp Energy, Inc.*, 812 F.2d 582, 584 (9th Cir. 1987).

An order is final, and thereby subject to appeal pursuant to Rule 8002, "if it contains a *complete* act of adjudication, that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990) (quotations omitted) (emphasis in original). Although a final order in a civil case is generally one that ends the litigation on the merits, "[i]n contrast, in bankruptcy, a complete act of adjudication need not end the entire case, but need only end any of the interim disputes from which appeal would lie." *Id.* at n.1; *see also In re White*, 727 F.2d 884, 885 (9th Cir. 1984) ("[B]ankruptcy proceedings are unique and [ ] the rules of finality developed for conventional litigation should not be applied mechanically.").

The Bankruptcy Court issued two prior orders that are at the heart of the present appeal. The Agreement Order, which was issued on December 19, 2011, granted McBeth authority to enter into the Agreement. MER1, Dkt. 27 at 355. The Sale Order, which was issued on November 5, 2014, granted McBeth authority to sell the Property. MER2, Dkt. 28 at 55. Both Orders constituted final, appealable orders because they completely adjudicated, respectively, all aspects of McBeth's authority to enter the Agreement and to sell the Property. Consequently, if Appellants wished to pursue appellate relief from either order they were required to file a timely appeal pursuant to Fed. R. Bank. P. 8002. They failed to do so.

b) There is an Identity of Claims

(1) Objections to the Agreement

As noted, the Bankruptcy Court issued the final Agreement Order on December 19, 2011, concluding "that it appears in the best interest of the estate to authorize the Trustee to operate the business of the Debtors for a limited period" and ordered that McBeth was "authorized to enter into and take any steps necessary to effectuate" the Agreement. MER1, Dkt. 27 at 356-57. After Appellants were given notice of McBeth's motion to enter the Agreement, they filed an opposition, and a hearing was held on the motion. *Id.* at 203, 355. Both McBeth and Appellants appeared and were heard on these issues at that proceeding. *Id.* After the motion was granted, Appellants took no further steps to appeal or otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
|---|---|---|---|
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

challenge the Order approving the entry of the Agreement.

In light of this record, Appellants' present argument that McBeth should not have been permitted to enter into the Agreement because it was not beneficial to the estate is barred by res judicata. It is the same issue previously litigated by the Bankruptcy Court. To the extent that the FAC seeks to advance new allegations as a basis for a challenge to the actions of McBeth with respect to the entry of the Agreement that were not raised during the prior litigation as to its validity, they are barred by res judicata. Thus, they arise from the same transactional nucleus of facts and "could have been brought" in the previous proceeding. *Tahoe-Sierra*, 322 F.3d at 1078. Specifically, whether or not McBeth failed to provide the Bankruptcy Court with critical facts relevant to the determination of her motion to permit the entry of the Agreement is something that Appellants could and should have raised in opposition to that motion, or during a subsequent appeal or review of the Bankruptcy Court's Order. They cannot be raised for the first time through the FAC. Similarly, Appellants had an opportunity to present any arguments to support a claim that McBeth was committing waste or breaching her fiduciary duty by entering the Agreement. They cannot do so in this later process that arose from the FAC. Thus, those claims are barred by res judicata.

(2)     Objections to the Sale of the Property

Appellants' efforts to void the sale of the Property are also barred. The record is clear that McBeth moved for, and was granted leave by the Bankruptcy Court, to sell the Property. Appellants opposed that motion, although they did not appear at the hearing at which the motion was considered. MER2, Dkt. 28 at 51. In their opposition to that motion, Appellants argued that the proposed sale was at a price that was well below the fair market value of the Property. *Id.* In the same opposition, Appellants argued that McBeth had grossly mismanaged the Appellants' bankruptcy estate, and had breached her fiduciary duties resulting in waste. *Id.* at 52. After considering all of the arguments presented, the Bankruptcy Court entered the Sale Order, thereby granting McBeth's request to sell the Property to Torres for $3,510,000. *Id.* at 55. Again, Appellants failed to file a timely appeal or motion to reconsider that Order pursuant to the Fed. R. Bank. P. 8002(a)(1). Thus, Appellants may not now "belate[d]ly attack the bankruptcy order of sale in these collateral proceedings; once [Appellants were] apprised of the bankruptcy court's sale order and failed to timely appeal, [they were] obligated to obey these orders even if they were in error." *Lindsey v. Ipock*, 732 F.2d 619, 622 (8th Cir. 1984).

Furthermore, because the sale has been completed, any collateral attack on the sale is moot. *In re Charlton*, 708 F.2d 1449, 1454-55 (9th Cir. 1983) ("After the sale of the property occurs, the merits of the orders approving the sale are no longer in issue. A sale of property of the estate to a good-faith purchaser will not be affected unless a stay of the order of sale was obtained. Once the orders have been performed, an appeal attacking the order is moot. . . . [Plaintiff] cannot challenge the validity of the sale in this proceeding, whether directly by seeking a decision on the merits or indirectly by seeking to have the orders approving and confirming sale vacated." (citations and quotations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

        c)       There is an Identity or Privity of Parties

"Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). Both the Agreement Order and Sale Order were issued after a motion and hearing that involved Appellants and McBeth. Thus, there is an identity of parties in this new action.

The only claim in the FAC brought against Wells Fargo is for an alleged violation of the Cal. Bus. & Prof. Code §§ 17200 *et seq.* It is based on actions allegedly taken in concert with McBeth in connection with the entry of the Agreement. This claim is also barred. Wells Fargo was not a party to the previous litigation, but it was in privity with McBeth who was. "Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest, [including] . . . parties to a contract, and in some cases promisees and third-party beneficiaries." *Headwaters Inc.*, 399 F.3d at 1053. Wells Fargo met these standards as a third-party beneficiary of the Agreement. Thus, as a party with a security interest in the Property, it allegedly benefitted from the provisions of the Agreement that ensured the protection of, and increase in, the value of the Property. Therefore, there is privity between Wells Fargo and McBeth, and Appellants' claim against Wells Fargo is barred by res judicata.

                        \*                        \*                        \*

The FAC seeks to make a collateral attack on the prior Agreement Order and Sale Order issued by the Bankruptcy Court. Federal courts have recognized "the important interest in the finality of judgments in a bankruptcy case." *Hendrick v. Avent*, 891 F.2d 583, 587 n.9 (5th Cir. 1990) *cert. denied*, 498 U.S. 819 (1990); *see also Sure-Snap Corp. v. State St. Bank & Tr. Co.*, 948 F.2d 869, 877 (2d Cir. 1991) ("The First and Eleventh circuits, as well as a host of district courts, have also recognized the applicability of the time-honored principle of res judicata to confirmed, final bankruptcy hearings.").

Appellants could have, but did not seek any timely review of those Orders after each was issued. Therefore, Appellants' effort to do so through the FAC is barred as a matter of law. Further, Appellants' attack on the Sale Order is moot, because the sale has been completed. Therefore, there was no error by the Bankruptcy Court in its determination that the present claims are barred. For that reason, the remaining issues presented on appeal, *i.e.*, whether Appellants lack standing or McBeth has quasi-judicial immunity, are not addressed.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-02111 JAK | Date | November 5, 2015 |
|---|---|---|---|
| Title | In re Robert Gwen and Marilyn Beverly Leslie<br>Robert Gwen Leslie, et al. v. Sandra K. McBeth | | |

**IV.    Conclusion**

For the reasons stated in this Order, the judgment dismissing the FAC with prejudice is **AFFIRMED.**

**IT IS SO ORDERED.**

                                                                                                    : _____

Initials of Preparer    ak